IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWIN GARCIA, | : | CIVIL ACTION NO. **3:CV-12-1978** |
| Plaintiff | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| U.S. DEPARTMENT OF VETERANS AFFAIRS, *et al.*, | : | |
| Defendants | : | |

## **REPORT AND RECOMMENDATION**

**I. Background.**

On September 10, 2012, Plaintiff, Edwin Garcia, a resident at 240 Scott Road, South Abington Township, Pennsylvania ("PA"), filed, *pro se*, a Civil Complaint with a Magisterial District Court in Lackawanna County, PA. Specifically, Plaintiff filed his action in Magisterial District No. 45-3-01, located in Chinchilla, PA. Plaintiff paid the filing fee. Plaintiff named as Defendants "WB VAMC" located at 1111 East End Blvd., Wilkes-Barre, PA, and American Home Medical Supply Co. ("AHMS"), located at 4113 Birney Avenue, Moosic, PA. Defendant "WB VAMC" clearly referred to the Veterans Affairs Medical Center in Wilkes-Barre, PA. In his Complaint, Plaintiff simply averred that: "Dr. order hospital bed for me [at] VAMC, peace (sic) of bed broke off in my foot. It go infected [and I] had surgery, hospitalized for 3 days, after care." As relief, Plaintiff seeks $12,000.00 in damages. Based on his Complaint, it was clear that Plaintiff was asserting a negligence claim against Defendant Veterans Affairs and its employees.

The Magisterial District Court issued a Civil Action Hearing Notice scheduling a hearing on November 5, 2012.

On October 3, 2012, the U.S. Attorney for the Middle District of PA, on behalf of the U.S. Department of Veterans Affairs, filed a Notice of Removal pursuant to 28 U.S.C. §1346(b)(1) and §1442(a)(1), and removed this case from the Magisterial District Court to the U.S. District Court for the Middle District of PA. (Doc. 1). The Government attached a copy of Plaintiff's Complaint and the Magisterial District Court's Civil Action Hearing Notice to its Notice of Removal. (Doc. 1-2). This case was docketed to the above captioned action in U.S. District Court for the Middle District of PA.

At the time this case was removed, it did not appear that either Defendant was properly served with Plaintiff's Complaint. Further, Plaintiff's Complaint did not properly state a claim against either Defendant. We liberally construed the *pro se* Plaintiff as raising a tort claim against Defendant U.S. Department of Veterans Affairs and, as alleging that the VAMC and its staff were negligent in providing him with medical care which caused him injury. Plaintiff was deemed as raising a product liability claim under PA law against Defendant American Home Medical Supply Co. with respect to the hospital bed and his allegation that a piece of the bed broke off into his foot. Upon review of Plaintiff's Complaint, we found that Plaintiff had not sufficiently stated a tort claim against the Defendant U.S. Department of Veterans Affairs. Also, we found that Plaintiff had not sufficiently stated a products liability claim (or any claim) against Defendant American Home Medical Supply Co. under Pennsylvania law. We also found that it was not clear when Plaintiff was at the VAMC and when his instant claims occurred.

Further, we found that Plaintiff's Complaint was not in conformance with Rule 8 of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8(a) requires that a complaint

contain a short and plain statement setting forth: (1) the grounds upon which the court's jurisdiction rests; (2) the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief sought by the pleader. *See Saltzman v. Independence Blue Cross*, 2009 WL 1606887, *4 (E.D. Pa.)("The Court in *Iqbal* explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted.").

In *Innis v. Wilson*, 2009 WL 1608502, *2 (3d Cir. 2009), the Third Circuit Court cited to the Supreme Court's decision in *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), and stated:

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* No. 07-1015, slip op. at 14 (May 18, 2009) [129 S.Ct. 1937 (2009)] (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

In *Saltzman v. Independence Blue Cross*, 2009 WL 1606887, *4 (E.D.Pa.), the Court stated:

> The Court in *Iqbal* explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. *Id.* at 1949, 1953. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949 (citing *Twombly,* 550 U.S. at 555); *see also Phillips v. County of Allegheny,* 515 F.3d 224, 232 (3d Cir.2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." (citing *Twombly,* 550 U.S. at 556 n. 3)). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 556).

*See Sims v. Piazza*, 2009 WL 3147800, *5 (M.D. Pa.)("Legal conclusions without factual support are not entitled to the assumption of truth.")(citation omitted).

Moreover, we found that Plaintiff's Complaint lacked sufficient allegations as to both Defendants and what Defendants allegedly did to cause Plaintiff harm. With respect to his negligence claim against Defendant U.S. Department of Veterans Affairs, Plaintiff was required to have first filed an administrative tort claim with this federal agency under the Federal Tort Claims Act ("FTCA"). 28 U.S.C. §2672. We found that while Plaintiff was asserting an FTCA claim against Defendant U.S. Department of Veterans Affairs, he did not properly state a claim under the FTCA in his original Complaint.

Thus, on November 5, 2012, we issued an Order and directed Plaintiff to file an Amended Complaint within fifteen (15) days of the date of the Order. (Doc. 2). On November 19, 2012, Plaintiff filed, *pro se*, his Amended Complaint. (Doc. 3). Plaintiff states that his action is filed pursuant to 28 U.S.C. §1346 (b) and §2672, namely, the FTCA. Plaintiff again names as Defendants U.S. Department of Veterans Affairs, Wilkes-Barre VAMC, and American Home Medical Supply Co.

Since we find that the under the derivative jurisdiction doctrine this Court does not have subject matter jurisdiction over Plaintiff's claims against the United States, we now issue this Report and Recommendation.[1]

---

1. We have been assigned this case for pre-trial matters.

## II. Allegations of Amended Complaint (Doc. 3).

Plaintiff states that he is a disabled veteran who went to the Wilkes-Barre VAMC for treatment for injuries he sustained in a service related accident. Plaintiff states that as part of his treatment, Dr. Domkuski of the Wilkes-Barre VAMC prescribed him to use an electric, motorized hospital bed. Plaintiff avers that Defendant AHMS owned, delivered and set up the hospital bed in his house. Plaintiff alleges that on September 7, 2010, while he was sleeping on the hospital bed, a piece of the bed had broken off and lodged in his left foot. Plaintiff then went to the Wilkes-Barre VAMC for treatment regarding his foot injury and he was advised that surgery was required to remove the piece of the bed from his foot. Plaintiff states that due to his diabetic condition, he required more skilled care for his injury than a regular patient. Plaintiff had surgery on September 13, 2010, at the Wilkes-Barre VAMC to remove the piece of the bed from his left foot. Plaintiff states that he remained in the Wilkes-Barre VAMC for three days and that as result of the incident with the hospital bed, he was caused injuries as well as pain and suffering. (Doc. 3, pp. 1-2).

In Count I, Plaintiff asserts a negligence claim against Defendant U.S. Department of Veterans Affairs, Wilkes-Barre VAMC under the FTCA. Plaintiff seeks compensatory damages.

In Count II, Plaintiff asserts a negligence claim under Pennsylvania state law against Defendant AHMS. In Count III, Plaintiff asserts a breach of contract claim under Pennsylvania state law against Defendant AHMS. In Count IV, Plaintiff asserts a breach of warranty claim under Pennsylvania state law against Defendant AHMS.

## III. Discussion.

Initially, as we advised Plaintiff in our November 5, 2012 Order, the United States of America is the only proper Defendant in a FTCA suit, and the United States has waived sovereign immunity for an FTCA action. *See Sash v. Hogsten*, 2008 WL 618945 (M.D. Pa.). The provisions of the FTCA govern all claims against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment. 28 U.S.C. § 2675(a). *See Rosario v BOP*, 2007 WL 951468, *4 (M.D. Pa.). According to the FTCA, "an action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). Thus, a private Plaintiff, such as Edwin Garcia, may not sue the U.S. under the FTCA without first having filed a claim with the appropriate responsible federal agency. *Id.*; *see also Albani v. U.S.*, 2010 WL 2364426, *6 (E.D. Pa. June 09, 2010).

Section 2675(a) further elaborates that a claim against the U.S. may not exceed the amount initially claimed against the appropriate federal agency. *Id.* In *Belcher v. U.S.,* 2005 WL 2175709, *3 (M.D. Pa. September 06, 2005), the Court stated:

> Prior to filing an FTCA action against the United States, a plaintiff must
> first have presented the claim to the appropriate federal agency and
> the claim must have been denied. *See* 28 U.S.C. § 2675. Except for
> limited circumstances, an FTCA claim in federal court is limited to recovery
> of the sum certain amount requested in the underlying administrative
> claim. *See McMichael v. United States,* 856 F.2d 1026, 1035 (8th Cir.1988).

6

(footnote omitted).

As mentioned, Plaintiff has named as a Defendant in his Amended Complaint the U.S. Department of Veterans Affairs with respect to his FTCA claim. The U.S. Department of Veterans Affairs, a federal agency, is not a proper Defendant in this case. Rather, the United States is the sole proper Defendant with respect to Plaintiff's FTCA claim. *See Sash v. Hogsten*, *supra*. Thus, we will recommend that U.S. Department of Veterans Affairs be dismissed as a Defendant and that the United States be substituted as the Defendant with respect to Plaintiff's FTCA claim.

We also find that the under the derivative jurisdiction doctrine this Court does not have subject matter jurisdiction over Plaintiff's FTCA claim against the United States because the state court in which Plaintiff originally filed his action did not have jurisdiction over this claim. *See Turturro v. Agusta Aerospace Corp.*, 2010 WL 3239199, *2 (E.D. Pa. Aug. 13, 2010)(citing *Lambert Run Coal Co. v. Baltimore & Ohio Railroad Co.*, 258 U.S. 377, 382, 42 S.Ct. 349 (1922)); see also *Bradshaw v. Gen. Motors Corp.*, 805 F.2d 110, 112 (3dCir. 1986)("Long-standing authority holds that a removed case may not be adjudicated in a federal court if the state court did not have subject matter jurisdiction over the suit when it was initially filed there.")(citing *Lambert Run Coal Co. v. Baltimore & Ohio Railroad Co.*, 258 U.S. at 382); *Trico Dev. Assoc., Ltd. Part. v. O.C.E.A.N., Inc.*, 2011 WL 4550203, *3 (D. N.J. Sept. 29, 2011)I(citations omitted). In *Lambert Run Coal Co.*, 258 U.S. at 382, the Court stated that "[t]he jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction." Thus, where "the state court was without jurisdiction over either the subject-

matter or the United States, the District Court [cannot] acquire jurisdiction over them by the removal." In *Lambert Run Coal Co.*, 258 U.S. at 382.

As stated above, the FTCA "vests exclusive jurisdiction in the federal district courts over civil claims for damages arising out of negligent acts of federal employees acting within the scope of their employment. 28 U.S.C. §§ 1346(b)(1), 2671-2680." *Turturro v. Agusta Aerospace Corp.*, 2010 WL 3239199, *2. "The FTCA does not, however, provide a waiver of sovereign immunity for claims brought against the United States in state courts." *Trico Dev. Assoc., Ltd. Part. v. O.C.E.A.N., Inc.*, 2011 WL 4550203, *3. It is clear that the state court in which Plaintiff Garcia originally filed his FTCA claim against U.S. Department of Veterans Affairs had no jurisdiction over this claim. *Turturro v. Agusta Aerospace Corp.*, 2010 WL 3239199, *2. As such, we find that this Court does not have subject matter jurisdiction over Plaintiff Garcia's instant claim against the United States based on the derivative jurisdiction doctrine. *Id.*; see also *Trico Dev. Assoc., Ltd. Part. v. O.C.E.A.N., Inc.*, 2011 WL 4550203, *3-*4; *Scoratow v. Smith*, 2009 WL 890575, *2 (W.D. Pa. March 27, 2009).

We also find that despite the 1985 and 2002 amendments to 28 U.S.C. §1441, since these amendments only eliminated derivative jurisdiction for cases removed under §1441(f). *Turturro v. Agusta Aerospace Corp.*, 2010 WL 3239199, *2; *Scoratow v. Smith*, 2009 WL 890575, *3. The Government removed the present case under §1442(a). (Doc. 1). Thus, we find that the derivative jurisdiction doctrine still applies to the present case. *Turturro v. Agusta Aerospace Corp.*, 2010 WL 3239199, *2 (citations omitted) ; *Scoratow v. Smith*, 2009 WL 890575, *3. We find that based on the derivative jurisdiction doctrine, this Court cannot exercise jurisdiction over Plaintiff

Garcia's FCTA claim since the state court from which his case was removed had no jurisdiction over his claim.   As the *Turturro* Court concluded, "we are satisfied based upon the plain language of §1441 and §1442 and the Third Circuit's pronouncement in *Bradshaw* that the doctrine of derivative jurisdiction is alive and well in this circuit." *Turturro v. Agusta Aerospace Corp.*, 2010 WL 3239199, *3; *Scoratow v. Smith*, 2009 WL 890575, *3.

Therefore, we find that the derivative jurisdiction doctrine precludes this Court from exercising jurisdiction over Plaintiff Garcia's FCTA claim against the United States. *Turturro v. Agusta Aerospace Corp.*, 2010 WL 3239199, *2; *Scoratow v. Smith*, 2009 WL 890575, *3. Since the state court did not have subject matter jurisdiction over Plaintiff Garcia's claims against the Untied States/U.S. Department of Veterans Affairs, "this Court simply did not acquire jurisdiction upon removal."   *Scoratow v. Smith*, 2009 WL 890575, *3. Thus, we will recommend that Plaintiff Garcia's FCTA claim against the United States be dismissed with prejudice for lack of subject matter jurisdiction.  The Third Circuit has held that a Plaintiff whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless the Court finds bad faith, undue delay, prejudice, or futility.  *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002); *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004).  Based on the above discussion, we find futility in allowing Plaintiff to file a second amended Complaint with respect to his FTCA claim against the United States.

Finally, with respect to Plaintiff 's three state law claims against Defendant AHMS, this Court's jurisdiction over these claims is based on supplemental jurisdiction under 28 U.S.C. § 1367.

In *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 784 (3d. Cir. 1995), the Third Circuit stated:

> There are several sources for original jurisdiction in the federal courts: (1) federal question jurisdiction of civil actions arising under the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331; (2) diversity of citizenship jurisdiction of civil actions where the matter in controversy exceeds $ 50,000, and is between citizens of different states under 28 U.S.C. § 1332**;** and (3) other specific jurisdictional statutes.
>
> In addition, pursuant to 28 U.S.C. § 1367(a), in any civil action of which the district courts have original jurisdiction [except diversity cases], the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. . . Thus § 1367 provides federal courts with statutory authority to hear some claims that lack an independent basis for federal subject matter jurisdiction.

Therefore, as long as the Court retains original federal question jurisdiction pursuant to 28 U.S.C. § 1331, the Court may exercise supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a).

If the Court dismisses Plaintiff Garcia's federal claim under the FCTA against Defendant United States as we recommend, then the only parties remaining in this case are Plaintiff and Defendant AHMS. As indicated above, both Plaintiff and Defendant AHMS, a private company located in Moosic, PA, are citizens of Pennsylvania. Thus, diversity jurisdiction does not exist between Plaintiff and Defendant AHMS. *See Turturro v. Agusta Aerospace Corp.*, 2010 WL 3239199, *3. Also, there is no federal question jurisdiction of this Court with respect to Plaintiff's state law claims against Defendant AHMS.

Therefore, we find that this Court cannot exercise supplemental jurisdiction over Plaintiff's state law claims against Defendant AHMS. *Id*. at *4. We will recommend that the Court remand Plaintiff's state law claims against Defendant AHMS to the state court from which this case was removed. *Id*.(citing 28 U.S.C. §1447(c)).

**IV. Recommendation.**

Based on the foregoing discussion, we respectfully recommend that:

1. This Court **DISMISS WITH PREJUDICE** Defendant U.S. Department of Veterans Affairs and substitute the United States as a Defendant.

2. This Court **DISMISS WITH PREJUDICE** Plaintiff Garcia's FCTA claim against the United States for lack of subject matter jurisdiction.

3. This Court **REMAND TO STATE COURT** Plaintiff's state law claims against Defendant American Home Medical Supply Co.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: November 26, 2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWIN GARCIA, | : | CIVIL ACTION NO. **3:CV-12-1978** |
| Plaintiff | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| U.S. DEPARTMENT OF VETERANS AFFAIRS, *et al.*, | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **November 26, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also

receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.


                                                 s/ Thomas M. Blewitt
                                                **THOMAS M. BLEWITT**
                                                **United States Magistrate Judge**


**Dated:   November 26, 2012**