## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWIN GARCIA,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:12-1978** |
| v. | : | **(MANNION, D.J.)** |
| | | **(BLEWITT, M.J.)** |
| **UNITED STATES OF AMERICA** | : | |
| and **AMERICAN HOME MEDICAL SUPPLY,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Pending before the court is the report and recommendation of United States Magistrate Judge Thomas M. Blewitt to which no objections have been filed. In his report, Judge Blewitt recommends that the defendant U.S. Department of Veterans Affairs be dismissed from the action and the United States of America be substituted as a defendant; the plaintiff's FTCA claim against the United States of America be dismissed for lack of subject matter jurisdiction; and the plaintiff's state law claims against defendant American Home Medical Supply Co. be remanded to the state court. (Doc. No. 4).

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review

to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

Judge Blewitt has thoroughly set forth the factual background of the instant action in his report which the court will adopt for purposes of the instant memorandum.

In considering the substance of Judge Blewitt's report, in Count I of his amended complaint[1], the plaintiff asserts a negligence claim against the defendant U.S. Department of Veterans Affairs, Wilkes-Barre VAMC, under the Federal Tort Claims Act, ("FTCA"), 28 U.S.C. §2672. Judge Blewitt has recommended that the U.S. Department of Veterans Affairs be dismissed as a defendant in this action and the United States of America be substituted as the proper party. The court will adopt this recommendation.

The only proper defendant in an FTCA action is the United States itself. See 28 U.S.C. §2679(b)(1). See also CNA v. United States, 535 F.3d 132, 138 n.2 (3d Cir. 2008) (noting that, under the FTCA, the only party potentially answerable for any alleged injury is the United States); Culver v. United States, 2007 WL 3052994 (M.D.Pa.) (Munley, J.) (dismissing FTCA claim against Department of Veterans Affairs on the basis that the United States is

---

[1]By order dated November 5, 2012, Judge Blewitt directed the plaintiff to file an amended complaint, (Doc. No. 2), which the plaintiff did on November 20, 2012, (Doc. No. 3).

2

the only proper defendant in an FTCA action). Thus, the U.S. Department of Veterans Affairs will be dismissed as a party to this action and the United States will be substituted as the proper defendant.

With respect to the FTCA claim against the United States, Judge Blewitt suggests that this court does not have subject matter jurisdiction over the claim under the derivative jurisdiction doctrine and, therefore, the court should dismiss the plaintiff's FTCA claim against the United States with prejudice for lack of subject matter jurisdiction. Again, the court agrees.

Under the doctrine of derivative jurisdiction, a federal district court is without subject matter jurisdiction in an otherwise procedurally proper removal case, if the state court from which the case was removed lacked subject matter jurisdiction, even if the case could have originally been filed in federal court. Lambert Run Coal Co. v. Baltimore & OR. Co., 258 U.S. 377, 382 (1922). See also Calhoun v. Murray, 2012 WL 6622710, *5 (3d Cir.) (citing Minnesota v. United States, 305 U.S. 382, 389 (1939)) As indicated by the Third Circuit Court of Appeals, although the doctrine of derivative jurisdiction has been abrogated for removals under the general removal statute, 28 U.S.C. §1441, the doctrine still arguably applies to removals which have occurred, as in the instant case, pursuant to 28 U.S.C. §1442. Id. (citing Rodas v. Seidlin, 656 F.3d 610, 619 (7th Cir. 2011); Palmer v. City Nat'l Bank, 498 F.3d 236, 246 (4th Cir. 2007)). The instant action was removed pursuant to the provisions of 28 U.S.C. §1442(a)(1).

3

Moreover, 28 U.S.C. §1346(b) of the FTCA grants the federal district courts with exclusive jurisdiction over FTCA civil actions for monetary damages. As such, the state court in which the plaintiff originally filed this action lacked subject matter jurisdiction over the FTCA claims. Even if jurisdiction would otherwise have been proper in this court, the plaintiff's act of pursuing his claims initially in the state court has now deprived this court from hearing his FTCA claim pursuant to the derivative jurisdiction doctrine. Thus, the court will adopt Judge Blewitt's recommendation that the plaintiff's FTCA claim against the United States of America be dismissed with prejudice for lack of subject matter jurisdiction.

In addition, with respect to the plaintiff's FTCA claim, as previously discussed by Judge Blewitt in his order directing the plaintiff to file an amended complaint, even if the derivative jurisdiction doctrine were not an issue, the FTCA provides that "an action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. §2675(a). Without first having exhausted his administrative claim with the U.S. Department of Veterans Affairs, the plaintiff is not properly before this court. Although directed to do so, the plaintiff has given no indication in his amended complaint that he has properly exhausted his administrative remedies and

this, therefore, provides an alternative basis for dismissal of the plaintiff's claims against the United States under the FTCA.

Finally, in Counts II, III, and IV of his amended complaint, the plaintiff asserts Pennsylvania state law claims against defendant American Home Medical Supply. Judge Blewitt recommends that these claims be remanded to the state court because this court's jurisdiction over the claims is based on supplemental jurisdiction under 28 U.S.C. §1367. Because the court agrees that the only federal law claim upon which this action is based should be dismissed, the court will direct that the remaining state law claims be remanded to the Court of Common Pleas of Lackawanna County. See 28 U.S.C. §1447(c).

In light of the above, an appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: February 5, 2013**
O:\Mannion\shared\MEMORANDA - DJ\2012 MEMORANDA\12-1978-01.wpd